IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| IN RE FUQI INTERNATIONAL, INC. | |
| FUQI INTERNATIONAL, INC. | C.A. No. _____ |
| v. | |
| GEORGE L. RICH, JR. | |

## ORIGINAL VERIFIED COMPLAINT
## FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff Fuqi International, Inc. ("Fuqi" or the "Company") brings this Original Complaint For Declaratory and Injunctive Relief in its own right and against Defendant George L. Rich, Jr. ("Rich") pursuant to Federal Rule of Civil Procedure 57, the Declaratory Judgment Act, 28 U.S.C. § 1221, and the All Writ's Act, 28 U.S.C. § 1651.

### INTRODUCTION

1. Fuqi brings this action (a) in its own right as a publicly-traded Delaware corporation registered under Section 12 of the Securities Exchange Act of 1934 ("Exchange Act") that must attempt to comply with both federal and state law, and (b) against Rich as an interested stockholder of Fuqi who commenced an action in the Court of Chancery of the State of Delaware requesting that Fuqi hold an annual meeting under state law but in violation of federal law.

2. This case raises an issue of actual conflict between an order entered by the Delaware Court of Chancery on October 10, 2012 under Section 211(c) of the Delaware General Corporation Law ("DGCL") compelling an annual meeting of Fuqi before

December 17, 2012 (the "October 10 Order") and Regulations 14A and 14C promulgated by the Securities and Exchange Commission ("SEC") under Section 14 of the Exchange Act requiring the dissemination of audited financials in proxy statements prior to convening an annual meeting. Compliance with the Court of Chancery Order would force Fuqi to violate federal law, and thus, under the Supremacy Clause of the U.S. Constitution, the Court of Chancery Order is preempted by federal regulation. For this reason, Fuqi requests a declaration that the Court of Chancery Order is preempted by federal law as well as an injunction prohibiting Rich from seeking to enforce, and the Court of Chancery from enforcing, the Order.

## THE PARTIES

3. Fuqi International, Inc. is a corporation organized under the law of Delaware with its principal place of business in Shenzhen, People's Republic of China. Fuqi's securities are registered under Section 12 of the Exchange Act.

4. Defendant George L. Rich, Jr. is an individual shareholder of Fuqi. On information and belief, George Rich is a citizen of the state of North Carolina.

## JURISDICTION AND VENUE

5. This Court has federal question jurisdiction over this matter under 28 U.S.C. § 1331 as it arises under the laws of the United States, specifically the Exchange Act of 1934, and because it raises an issue of federal preemption of state law under the Supremacy Clause of the U.S. Constitution.

6. This Court has specific personal jurisdiction over Defendant George L. Rich, Jr., because this case arises out of Rich's contacts in the State of Delaware, specifically his filing of a shareholder lawsuit in the Delaware Court of Chancery.

7. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) as a substantial part of the events or omissions giving rise to the claims occurred in this district. Specifically, the Delaware proceeding compelling an annual meeting which conflicts with federal law was filed by Rich in the Delaware Court of Chancery within this judicial district.

## **FACTUAL ALLEGATIONS**

8. Fuqi is a designer, producer and seller of high-quality precious metal jewelry in China, consisting of unique styles and designs made from gold and platinum. Fuqi's common stock is registered with the SEC pursuant to Section 12(b) of the Exchange Act.[1]

---

[1] These facts derive from the pleadings in the state court record and exhibits from Fuqi's public SEC filings filed in the underlying state court action, captioned *Rich v. Fuqi International, Inc.*, C.A. 5653-VCG, in the Delaware Court of Chancery. This Court may take judicial notice of the state court record and exhibits filed therein. *See* FED. R. EVID. 201; *Oran v. Stafford*, 226 F.3d 275, 289 (3d Cir. 2000); *U.S. ex rel. Geisler v. Walters*, 510 F.2d 887, 890 n. 4 (3d Cir. 1975) (taking judicial notice of briefs and petitions filed in state appellate court litigation). To avoid overwhelming the Court, only the most relevant pleadings are attached to this Complaint, but upon request Fuqi can provide the entire state court record to this Court.

**Fuqi Announces a Restatement of Financial Results and
an Internal Investigation into Accounting Errors**

9. On March 16, 2010, Fuqi announced that, as part of its assessment of internal controls under Section 404 of Sarbanes-Oxley, it had identified certain historical accounting errors that were expected to have a material effect on its financial statements for the fiscal quarters ending March 31, June 30, and September 30, 2009 contained in its Quarterly Reports on Form 10-Q. As a result, Fuqi announced that it would restate its 2009 quarterly financials and delay the filing of its audited financial statements for fiscal year 2009 on Form 10-Q.

10. In October, 2010, the Fuqi Board of Directors formed a Special Internal Investigation Committee to investigate and evaluate shareholder allegations regarding potential breaches of fiduciary duties by the Company's directors and certain officers related to the Company's restatement of its 2009 financial statements, and to report whether the Company should pursue them directly.

11. On March 28, 2011, the Board announced that an internal investigation identified certain cash transfer transactions involving the Company and its Bank, stating that completion of the audit of the Company's 2009 financial statement by its auditor, Marcum LLP, had been delayed due to the internal investigation into the cash transfer transactions. Fuqi also announced that it had consulted with an adviser retained to develop procedures required to comply with the internal control provisions of the Sarbanes Oxley Act, and taken certain remedial steps in order to prevent these types of cash transfers from occurring in the future, including policies relating to cash receipts, cash disbursements, bank accounts and wire transfers. Fuqi and its Audit Committee shared the preliminary

results of its international investigation with its auditor, Marcum LLP. Fuqi has also to resolve concerns stated by Marcum related to the cash transfers stated pursuant to Section 10A(b)(2) of the Exchange Act.

### Fuqi Shareholders File Securities and Derivative Cases, and the SEC Opens a Formal Investigation

12. Fuqi's announcement of its financial restatement resulted in securities, derivative, and administrative actions against Fuqi. First, within days of the restatement announcement, ten putative securities class action lawsuits against Fuqi were filed in the U. S. District Court for the Southern District of New York arising out of the announcement of accounting errors, alleging material misstatements of Fuqi's public filings in violation of the Exchange Act. These actions were the consolidated into *In Re Fuqi Int'l Inc. Sec. Litig.*, Cause No. 10-CIV-02515, in the U.S. District Court for the Southern District of New York (the "Federal Action"). The Court appointed a Lead Plaintiff and Lead Counsel pursuant to the PSLRA, and Lead Plaintiff filed a Consolidated Class Action Complaint ("CCAC") on February 15, 2011. The Court also granted leave for Lead Plaintiff to file an additional amended CCAC after Fuqi files its restated financial statements.

13. Next, on April 15, 2010 and April 20, 2010, two shareholder derivative cases were filed against Fuqi in New York -- *Frank Vanky v. Yu Kwai Chong, et al.*, Cause No. 10-CV-4028, in the U.S. District Court for the Southern District of New York, and *Richard C. Starkey v. Yu Kwai Chong, et al.*, Cause No. 10-CV-3346, in the U.S. District Court for the Southern District of New York. On June 13, 2012, nearly two years after the first derivative actions were filed in New York, the same plaintiff as filed the DGCL Section 211(c) case below, shareholder George L. Rich, Jr., filed a similar derivative action

in the Delaware Court of Chancery, styled *Rich v. Yu Kwai Chong, et al.*, C.A. No. 7616-VCG. That case is currently subject to a motion to dismiss or stay.

14. Finally, on September 8, 2010, Fuqi announced that the SEC had initiated a formal investigation of Fuqi related to its failure to timely file required periodic reports, as well as other matters ("the SEC Investigation"). Fuqi has been cooperating with the SEC Investigation. As a result of its failure to file periodic reports, Fuqi's shares have been suspended from trading on the NASDAQ stock exchange, and the Company has been delisted from trading on NASDAQ.

### Shareholder George Rich Files An Action in Delaware Chancery Court Seeking to Compel an Annual Meeting under Delaware Law

15. During the proliferation of securities and derivative litigation, on July 21, 2010, just thirteen months after the last annual meeting of Fuqi's stockholders, George Rich filed an action in Delaware Court of Chancery to compel an annual meeting under Section 211(c) of the DGCL, styled *Rich v. Fuqi Int'l, Inc.*, C.A. No. 5653-VCG. Section 211(c) of the DGCL allows the Court of Chancery to "summarily order a meeting to be held upon the application of any stockholder or director" if "no date has been designated, for a period of 13 months after the latest to occur of the ...last annual meeting or the last action by written consent to elect directors in lieu of an annual meeting." After service of the Complaint, Rich and Fuqi agreed to nine separate stipulations to extend the time for Fuqi to answer, plead or otherwise respond to the Complaint until February 2, 2012, when Fuqi filed a Motion to Dismiss.

### Fuqi Attempts to Seek an Initial Exemption from
### SEC Rules to Hold an Annual Meeting

16. Fuqi has not completed its audited financial statements for the fiscal years ended December 31, 2009, 2010 and 2011, and thus, has been unable to file periodic reports with the SEC since its Form 10-Q for its quarter ended September 30, 2009. Under these circumstances, SEC rules and regulations, specifically Regulations 14A and 14C, prohibit the Company from soliciting proxies from shareholders or from holding an annual meeting without first furnishing an annual report with audited financial statements. *See* 17 C.F.R. §240.14a-1, *et seq*; 17 C.F.R. § 240.14c-1, *et seq*. Since the Company is unable to provide audited financial statements, it cannot not hold an annual meeting or solicit proxies without violating federal law.

17. Due to this conflict, in April 2011, Fuqi's then outside corporate counsel requested a limited exemption from the SEC under 17 C.F.R. §200.30-1(e)(18) and Release 34-57262. This regulation, enacted in February 2008, was intended to address situations in which "companies may be compelled to hold meetings of their securities holders pursuant to the provisions of certain state corporation laws, despite the inability to comply with the requirements of 14a-3(b) and 14c-3(a) under the Exchange Act," and allowed the SEC to "flexibly address this conflict" in certain circumstances.

18. In its request, Fuqi identified the Delaware Court of Chancery action seeking to compel an annual meeting and requested an exemption from the requirements of Sections 14(a) and 14(c) of the Exchange Act and Regulations 14A and 14C related to the annual meeting.

19. On May 17 and 25, 2011, Fuqi's then outside corporate counsel had two calls with the SEC Staff attorney who was principally responsible for Fuqi's application for exemption. The SEC Staff attorney informed Fuqi's counsel that the SEC Staff had a negative reaction to Fuqi's application, specifically, that Fuqi's request did not satisfy two of the criteria for an exemption. As a result of the SEC's position, the Fuqi Board decided to withdraw the application for exemption from the SEC.

### The Delaware Chancery Court's Order Compelling an Annual Meeting

20. In February 2012, after the stipulated extensions of time, the parties cross-moved for summary judgment in the action filed by Rich to compel the annual meeting. The Court held a hearing on the motions on May 22, 2012. At the end of the hearing, the Court issued its ruling from the bench and granted Plaintiff's motion for summary judgment. On June 1, 2012, the Court entered an order requiring Fuqi to "hold its annual meeting of the stockholders no later than Wednesday, September 19, 2012, and distribute its proxy materials no later than Monday, August 20, 2012." In addressing the potential conflict between federal and state law, the Court noted that:

> There may be a preemption issue at some point in a case of this type. We are a long way from teeing up that preemption issue here, in my opinion, because I don't think there's been any demonstration that it's physically impossible for the corporation to comply with its obligations under the 34 Act and the Delaware corporate law.

The Court noted that, during Fuqi's initial request to the SEC, it did not have a Court order in hand that required the Company to hold its annual meeting. The Court did not, at that time, preclude Fuqi from approaching the Court again if circumstances warranted.

### With the Court's June 1, 2012 Order in Hand, Fuqi Renews its Exemption Request to the SEC

21. Promptly after the June 1, 2012 Order, Fuqi submitted a second application to the SEC requesting an exemption from the requirements of Sections 14(a) and 14(c) of the Exchange Act, and Regulations 14A and 14C, that Fuqi furnish an annual report containing audited financial statements as part of a proxy or information statement in connection with the annual meeting (the "Exemption Request"). The Company included with the Exemption Request a copy of the transcript of the Court of Chancery's May 22 hearing and a copy of the Court's June 1 Order.

22. As before, when Fuqi previously submitted a similar request to the SEC in April 2011, the SEC Staff attorney indicated orally that it would recommend to the Commission that Fuqi's Exemption Request be denied and that, at such time, it had never granted an exemption under Release No. 34-57262 (17 C.F.R. § 200.30-1(e)(18)).

### Fuqi Seeks Relief from the June 1 Order Compelling an Annual Meeting

23. As the August 20, 2012 deadline set by the Court of Chancery to distribute proxy materials drew closer, it was clear that the Company would not possess audited financial statements for fiscal years 2009, 2010 and 2011 in time to distribute them to stockholders. As described above, investigation of the cash transfers discovered during the investigation of the initial accounting errors lengthened the process of the financial restatement, audit and review of internal controls, which has since been ongoing.

24. For that reason, Fuqi, on August 14, 2012, sought relief from the Court of Chancery's June 1 Order. Because the SEC had not granted Fuqi's Exemption Request and Fuqi's auditors had not certified its financial statements, it was "physically

impossible" for Fuqi to comply with both federal and Delaware law -- that is, it was physically impossible for Fuqi to conduct an annual meeting in accordance with Section 211 of the DGCL by the deadline set by the Court's June 1 Order and also comply with SEC Regulations 14C and 14A. Thus, Fuqi requested that the Delaware Court of Chancery either (i) address the federal-state preemption issue, or (ii) in the exercise of the discretion conferred by Section 211, extend the deadline in the Court's Order to sixty (60) days from the earlier of a ruling by the SEC on Fuqi's Exemption Request or the completion of Fuqi's audited financial statements.

### The Court Denies Fuqi's Requested Relief and Orders Fuqi to Hold a Meeting Regardless of Whether the Audited Financials are Completed and Whether the SEC Rules on the Exemption Request

25. On October 1, 2012, the Court of Chancery held a hearing on Fuqi's request to address the preemption issue or extend the deadline in the Court's Order related to the SEC's ruling on the Company's Exemption Request. At the end of the hearing, the Court ordered the meeting to be held by mid-December and suggested that the Company supplement its submission to the SEC noting the fact that there is a set date for an annual meeting. The Court further observed that:

> One of three things is going to happen: Either the audited financials will come out in time for you to submit them, which of course would be the best; second will be that you get an exemption from the SEC based on the fact that I have ordered a firm date and that it's been put in place and that I am not disposed to move it; third, if you get a negative decision from the SEC, I am not precluding you from seeking some type of relief from this Court.

Fuqi requested that the order implementing the Court's ruling not preclude the Company from coming back to the Court in the event that the SEC did not rule by November 17, 2012.

26. On October 10, 2012, the Court of Chancery rejected Fuqi's request and entered Plaintiff's form of order, holding:

> 1. Defendant Fuqi International, Inc. shall hold its annual meeting of the stockholders no later than Monday, December 17, 2012, and distribute its proxy materials thirty (30) days prior to the annual meeting;
>
> 2. Defendants Fuqi international, Inc.'s annual meeting of the stockholders may be held in China so long as Defendant provides stockholders located in the United States with access to the annual meeting telephonically or through some other means that are acceptable to Plaintiff; and
>
> 3. Defendants Fuqi international, Inc. may seek leave of the Court to present the argument that it would be "physically impossible" to comply with this Order only if the Securities and Exchange Commission formally denies Defendant's application under Release No. 34-57262, 17 C.F.R. § 200.30-1(e)(18), for an exemption from the requirements of Sections 14(a) and 14(c) of the Securities Exchange Act of 1934, and Regulations 14A and 14C promulgated thereunder, that Defendants furnish an annual report containing audited financial statements as part of a proxy or information statement in connection with the annual meeting.

(Exhibit 1, attached hereto (October 10, 2012 Order).

### Fuqi's Interlocutory Appeal to Address the Preemption Issues is Rejected by the Delaware Courts

27. Because the October 10 Order explicitly precludes Fuqi from seeking further relief from the Court of Chancery in the event the SEC has not ruled on Fuqi's exemption request by November 17 -- which means the October 10 Order clearly orders

Fuqi to violate federal law -- Fuqi, on October 22, 2012, filed an application with the Delaware Court of Chancery for certification of an interlocutory appeal to the Delaware Supreme Court. Fuqi alternatively requested that the Court of Chancery enter a partial final judgment under Court of Chancery Rule 54(b), allowing Fuqi to appeal the preemption issue, and asked for a stay of the October 10 Order during the appeal.

28. On Friday, November 2, 2012, the Court of Chancery advised the parties that it would deny Fuqi's request to certify an interlocutory appeal or to enter a partial final appealable judgment, and on Monday, November 5, 2012, the Court of Chancery issued its opinion. (Exhibit 2, attached hereto). The Court of Chancery held the SEC Release allowing for an exemption from Regulations 14A and 14C "harmonized" federal and state law, thereby "reducing the likelihood of any outright conflict between the annual meeting requirement and the proxy rules." But the Court wholly declined to address what would happen if the exemption was not granted before the Court of Chancery's deadline to notice and hold the annual meeting, when an "outright conflict" with federal law would exist.

29. After the Court of Chancery refused to squarely address the "physical impossibility" preemption issue, or to certify Fuqi's appeal to the Delaware Supreme Court, Fuqi filed a Notice of Appeal of the October 10 Order directly with the Delaware Supreme Court, and a request to expedite the appeal and stay the Order compelling an annual meeting while the appeal was pending. On Friday, November 9, 2012, the Delaware Supreme Court refused Fuqi's application for interlocutory appeal in a very brief opinion. (Exhibit 3, attached hereto).

30. Based on communications with the SEC, Fuqi's counsel was again advised by the SEC Staff attorney that Fuqi should expect its request for an exemption to be denied. Given this position, the Fuqi Board decided to withdraw the application for an exemption until it could present more information that could improve the likelihood of a positive ruling from the SEC. Therefore, Fuqi instructed the SEC Staff attorney to withdraw its application for exemptive relief.

31. Since the Delaware Court of Chancery has refused to squarely address the preemption issue in the circumstances before it, and Fuqi has exhausted its avenues of relief from the October 10 interlocutory order within the Delaware state court system, Fuqi is now faced with a Hobson's choice of compliance with the October 10 Order by noticing a meeting without audited financials in violation of Regulations 14A and 14C, or ignoring the October 10 Order and risking contempt under Delaware law. For this reason, Fuqi asserts the following claims and seeks the following relief:

## COUNT I – DECLARATORY JUDGMENT

32. Fuqi incorporates by reference the foregoing paragraphs.

33. In view of the conflict between SEC regulations and the October 10 Order of the Delaware Court of Chancery compelling an annual meeting, there is an actual case and controversy within the jurisdiction of this Court.

34. There is no other form of proceeding that can provide Fuqi with the immediate declaratory and injunctive relief it seeks with respect to the federal/state preemption issue raised by its situation.

35. Declaratory relief is appropriate and necessary in light of the actual conflict between Fuqi's required compliance with SEC Regulations in conduct of its annual meeting and the Delaware Court of Chancery's October 10 Order compelling an annual meeting no later than December 17, 2012.

36. Therefore, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, Fuqi respectfully requests a declaration regarding its rights and obligations under federal law in light of the October 10 Order.

37. Specifically, Fuqi requests a declaration that Fuqi's compliance with the October 10 Order of the Delaware Court of Chancery by convening an annual meeting without an exemption from SEC Regulation 14A and 14C and without audited financials would cause Fuqi to violate federal law, and thus, that Rich's request for an annual meeting and the Order of Delaware Court of Chancery are null and void under the Supremacy Clause. Additionally, Fuqi requests a declaration that it is not required to convene an annual meeting until the earlier of: (1) Fuqi completion of its audited financials for the fiscal years 2009, 2010, and 2011; or (2) the SEC grants an exemption from Regulations 14A and 14A based on a viable exemption request under Release No. 34-57262 (17 C.F.R. § 200.30-1(e)(18)).

## COUNT II – INJUNCTIVE RELIEF

38. Fuqi incorporates by reference the foregoing paragraphs.

39. Under the All Writs Act, 28 U.S.C. § 1651, Fuqi requests that the Court enter a temporary restraining order, and then a temporary and permanent injunction, prohibiting the Delaware Court of Chancery from enforcing its October 10 Order.

Additionally, Fuqi requests that the Court enter a temporary restraining order, and then a temporary and permanent injunction, prohibiting any effort to force Fuqi to hold an annual meeting in violation of federal law before the earlier of: (1) Fuqi's completion of its audited financials for the fiscal years 2009, 2010, and 2011; or (2) the grant of an exemption to Fuqi from the SEC from Regulations 14A and 14A based on a viable exemption request under Release No. 34-57262 (17 C.F.R. § 200.30-1(e)(18)).

40. The All Writs Act provides federal courts with the power to "issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." 28 U.S.C. § 1651. This broad grant of authority is limited by the Anti–Injunction Act, which bars a federal court from enjoining a proceeding in a state court unless that action is "expressly authorized by Acts of Congress, or where necessary in aid of jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283.

41. A temporary restraining order is issued "to preserve the status quo until there is an opportunity to hold a hearing on the application for a preliminary injunction." *Tootsie Roll Indus., Inc. v. Sathers, Inc.*, 666 F. Supp. 655, 658 (D. Del. 1987). It minimizes hardship to the parties pending the ultimate resolution of the lawsuit. *See Olde Discount Corp. v. Tupman*, 805 F. Supp. 1130, 1135 (D. Del. 1992), *aff'd*, 1 F.3d 202 (3d Cir. 1993). A party seeking a temporary restraining order must demonstrate four factors: (1) a reasonable likelihood of success on the merits; (2) irreparable harm if an injunction is not granted; (3) a balance of hardships tipping in its favor; and (4) the public interest favors injunctive relief. *QVC, Inc. v. Your Vitamins, Inc.*, 714 F.Supp. 2d 291 (D. Del. 2010).

42. As explained in more detail in Fuqi's Memorandum in Support of its Motion for Status Quo and Temporary Restraining Order under the All Writ's Act, filed contemporaneously herewith and summarized below, Fuqi has met the requirements of a temporary restraining order.

### Fuqi is Threatened with Imminent, Irreparable Harm

43. Fuqi will suffer irreparable harm absent an injunction because it will be forced to choose between violating a state court order and violating federal law. Either choice subjects it to serious consequences. The SEC has authority to file a civil action for potential or past violations of its regulations, institute administrative proceedings, or even pursue criminal penalties for violations of the Exchange Act and regulations promulgated thereunder. On the other hand, disobeying an order of the Delaware Court of Chancery could result in a finding of contempt and the imposition of coercive and remedial sanctions.

44. Moreover, the harm is imminent because the October 10 Order requires Fuqi to convene its annual meeting no later than December 17, 2012 and distribute proxy statements no later than *November 17, 2012*.

### Fuqi Has a High Probability of Success on the Merits

45. As explained in Fuqi's state court papers, Fuqi has a high probability in succeeding in demonstrating an actual and substantial conflict between state and federal law in these particular circumstances. Specifically, the SEC has promulgated regulations that proxies cannot be distributed before an annual meeting without audited financials. The Delaware Court of Chancery has ordered Fuqi to distribute proxies despite lacking

audited financial statements. Under such circumstances, the Supremacy Clause of the U.S. Constitution mandates that federal law supersede.

### The Relief will Result in No Greater Harm to the Other Party

46. The entry of a temporary restraining order pending this Court's decision on an injunction will cause little or no prejudice to the other party. Fuqi has not held a meeting in three years, and it is undisputed that the majority of shares would vote to reinstate the current Board at any meeting (indeed, no alternative slate of directors has been proposed by any stockholder), so forcing a vote now has little direct value to Rich, particularly given the potential harm to Fuqi. Given the potential penalties to Fuqi, the balance of harms favors Fuqi.

### The Relief Serves the Public Interest

47. The entry of a an injunction against an annual meeting in violation of federal law advances the public interest, it does not harm it. This federal court has an important interest in enforcing compliance with federal law, and resolving preemption issues that arise between state court action and federal regulators like the SEC. Corporations organized under Delaware law and also subject to public reporting requirements have an interest in clarity and guidance on appropriate action when faced with such conflicts, and avoidance of a "turf war" between federal regulators and state courts.

## PRAYER FOR RELIEF

**WHEREFORE**, Fuqi International, Inc. respectfully requests that the Court provide the following relief:

A. Enter a declaratory judgment under Federal Rule of Civil Procedure 57 and the Declaratory Judgment Act, 28 U.S.C. § 2201, regarding the rights and obligations of Fuqi under federal law in light of the Delaware Court of Chancery's October 10 Order. Specifically, Fuqi requests a declaration that Fuqi's compliance with the October 10 Order by convening an annual meeting without an exemption from SEC Regulation 14A and 14C and without audited financials would cause Fuqi to violate federal law, and thus, the Order of the Delaware Court of Chancery is null and void in light of the Supremacy Clause;

B. Enter a temporary restraining order, and then preliminary and permanent injunction, under the All Writ's Act, 28 U.S.C. § 1651, prohibiting the Delaware Court of Chancery from enforcing its October 10 Order;

C. Award Fuqi International, Inc. such other and further relief as the Court deems just and proper.

DATED: November 13, 2012

**OF COUNSEL:**

Robert W. Brownlie
**DLA PIPER LLP (US)**
401 B Street, Suite 1700
San Diego, CA 92101
(619) 699-2700
(619) 764-6665 (Fax)

Jennifer A. Lloyd
**DLA PIPER LLP (US)**
401 Congress Avenue, Suite 2500
Austin, Texas 78756
(512) 457-7000
(512) 457-7001 (Fax)

**DLA PIPER LLP (US)**

*/s/ John L. Reed*
John L. Reed (I.D. No. 3023)
Scott B. Czerwonka (I.D. No. 4844)
919 N. Market Street, Suite 1500
Wilmington, DE 19801
(302) 468-5700
(302) 394-2341 (Fax)
john.reed@dlapiper.com
scott.czerwonka@dlapiper.com

*Attorneys for Defendant
Fuqi International, Inc.*