IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

IN RE FUQI INTERNATIONAL, INC. :

FUQI INTERNATIONAL, INC., :
               Plaintiff, : C.A. No. 12-01457-LPS
               v. :
GEORGE L. RICH, JR., :
             Defendant. :

John Leonard Reed, Esq., Scott B. Czerwonka, Esq., DLA PIPER LLP, Wilmington, DE.
Robert W. Brownlie, Esq., DLA PIPER LLP, San Diego, CA.
Jennifer A. Lloyd, Esq., DLA PIPER LLP, Austin, TX.

    Attorneys for Plaintiff Fuqi International, Inc.

Paul Anthony Fioravanti, Jr., Esq., Tanya E. Pino, Esq., PRICKETT, JONES & ELLIOTT, P.A., Wilmington, DE.
Eric L. Zagar, Esq., Robin Winchester, Esq., Justin O. Reliford, Esq., KESSLER TOPAZ MELTZER & CHECK, LLP, Radnor, PA.

    Attorneys for Defendant George L. Rich, Jr.

## MEMORANDUM OPINION

December 17, 2012
Wilmington, Delaware

*[signature]*

**STARK, U.S. District Judge:**

## I. INTRODUCTION

On November 13, 2012, Plaintiff Fuqi International, Inc. (hereinafter "Fuqi") filed a complaint for declaratory and injunctive relief against Defendant George L. Rich ("Rich"). (D.I. 1) Along with the complaint, Fuqi filed a motion for Status Quo and Temporary Restraining Order ("TRO"). (D.I. 3) The Court heard oral argument on the TRO motion on November 16, 2012. *See* Motion Hr'g Tr., November 16, 2012 (D.I. 14) (hereinafter "Tr."). At the conclusion of that hearing, the Court denied Fuqi's request for a TRO and permitted the parties to brief the issues further in connection with a preliminary injunction motion. (Tr. at 37)[1] That preliminary injunction motion (D.I. 13) is now fully briefed and before the Court. The Court will deny Fuqi's preliminary injunction motion.[2]

## II. LEGAL STANDARDS

Traditional rules of equity apply to requests for injunctive relief. *See eBay, Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). "The decision to grant or deny . . . injunctive relief is an act of equitable discretion by the district court." *Id.* A preliminary injunction is considered an "extraordinary remedy" that should be granted only in "limited circumstances." *Kos Pharm., Inc. v. Andrx Corp.*, 369 F.3d 700, 708 (3d Cir. 2004).

In order to obtain a preliminary injunction, the moving party must prove: (1) a likelihood of success on the merits; (2) irreparable harm if the injunction is denied; (3) the balance of the equities tips in the movant's favor; and (4) the public interest favors the requested relief. *See id.*

---

[1] Fuqi's preliminary injunction motion repeats many of the same arguments and seeks the same relief as the TRO motion.

[2] In reaching its decision, the Court has considered all of the materials submitted by the parties.

The burden lies with the moving party to establish every element in its favor. *See P.C. Yonkers, Inc. v. Celebrations, the Party and Seasonal Superstore, LLC,* 428 F.3d 504, 508 (3d Cir. 2005).[3]

### III. DISCUSSION

Fuqi believes that it is caught in a conflict between federal and state law. Specifically, Fuqi contends that it cannot comply with an order from the Court of Chancery ("the October 10 Order") requiring Fuqi to convene an annual shareholder meeting pursuant to Section 211(c) of the Delaware General Corporation Law ("DGCL") without violating federal law. The federal laws at issue are Rules 14a and 14c of the Securities and Exchange Commission ("SEC"), promulgated pursuant to the Securities Exchange Act of 1934. These rules require the dissemination of audited financial statements at least thirty (30) days prior to convening an annual meeting. *See* 17 C.F.R. §§ 240.14c-2 and 14c-3. Fuqi does not have audited financial statements to provide to its shareholders. Thus, according to Fuqi, it is unable to comply simultaneously with state and federal law. Under these circumstances, Fuqi continues, the state law is preempted under the Supremacy Clause of the U.S. Constitution. On this basis, Fuqi seeks an injunction preventing Defendant Rich – a Fuqi shareholder – from enforcing the October 10 Order, which requires Fuqi to hold an annual meeting no later than December 17, 2012.

The Court will address each of the preliminary injunction factors below.

First, with respect to likelihood of success on the merits, Fuqi faces a number of substantial challenges. These include the application of the Anti-Injunction Act, Younger abstention, and the Rooker-Feldman doctrine. Fuqi will have to overcome each of these hurdles

---

[3]To the extent Fuqi is seeking relief pursuant to the All Writs Act, 28 U.S.C. § 1651(a), that request is denied.

before the Court can even reach the merits of Fuqi's preemption argument. On the present motion, however, it is not necessary for the Court to make a determination as to whether Fuqi has proven a likelihood of success on the merits. Instead, the Court will – as it did in connection with the TRO motion – assume without deciding that Fuqi has satisfied its burden of showing a likelihood of success on the merits.

Fuqi has failed to demonstrate that it will suffer irreparable harm in the absence of preliminary injunctive relief. The Court made this same finding in connection with the TRO motion (Tr. at 33) and the record is no stronger for Fuqi at this time. Fuqi still "simply does not know what will happen, if anything, if it is required to comply with the Chancery Court Order." (*Id.*)

Fuqi frames the irreparable harm question as a "Hobson's choice": whether to violate federal law (by holding an annual meeting without prior timely distribution of audited financial reports) or instead to violate state law (by not holding an annual meeting). (Tr. at 27) The Court does not agree. Fuqi has a clear alternative path: request an exemption from the SEC. *See* 17 C.F.R. § 200.30-1(e)(18); Release No. 34-57262 (Feb. 4, 2008). If the exemption request is denied, Fuqi may then seek a modification of the October 10 Order from the Court of Chancery – precisely as the Vice Chancellor advised Fuqi it could do. (*See, e.g.*, D.I. 1 Ex. 1 at ¶ 3) Fuqi contends that the SEC has already informally denied its request for an exemption, adding that a formal denial would result in unspecified "negative repercussions." (Tr. at 12-13; *see also* D.I. 13 Ex. 1 at 14; D.I. 13 at 15 ("Since a formal order of the Commission denying the exemption could prejudice Fuqi not only with regards to the pending SEC Investigation, but pending securities and derivative litigation, and could potentially spur further litigation, Fuqi determined

3

it was in the best interest of the Company to withdraw the application [for an exemption].")) Rather than face these purported repercussions, Fuqi made the tactical decision to withdraw its exemption application before the SEC could rule on it. (*See id.* at 15) Thus, Fuqi has in effect weighed the consequences of a formal SEC rejection and the "Hobson's choice" and has chosen the latter. Fuqi should now be prepared to accept the consequences of its own choice. The Court finds that Fuqi has not met its burden on irreparable harm.

With respect to the balance of equities, again nothing has changed since the Court found in connection with the TRO that Fuqi had failed to meet its burden. (Tr. at 33-35) It is undisputed that an annual shareholder meeting is a cornerstone of Delaware corporate law. Fuqi's shareholders have been deprived of this important right for more than three years. There remains no indication from Fuqi as to when – if ever – it intends to hold an annual meeting. (Tr. at 34) There is likewise no indication of when audited financial statements will become available. (*Id.*) Fuqi's preliminary injunction motion does not address these concerns, which are important factors in the balance of equities.

Moreover, the Court remains concerned that "adopting Fuqi's contention under these circumstances would seem to suggest that a company can potentially avoid ever having to hold an annual meeting by failing to obtain audited financials and failing notably ever to ask the SEC for a formal decision of whether it can be exempted from the audited financials requirement." (Tr. at 35) The Court of Chancery raised this same concern, stating:

> Fuqi's position here is that the company has been managed in such a way that it cannot comply with the proxy rules, and therefore it should not be subject to *any* oversight by stockholders by way of an annual meeting. Such a position stands the purpose of corporate

4

> and securities law on its head. It cannot be the case that managers
> of a corporation can entirely avoid the annual meeting requirement
> by "dickering with the auditors and the SEC over financial
> statements." On the contrary; a stockholder's right to a meeting is
> especially strong when financial management is so questionable as
> to delay the provision of audited financial statements for three full
> years.

(D.I. 1 Ex. 2 at 13) Fuqi has failed to address this concern. Instead, Fuqi emphasizes that the forthcoming annual meeting will not result in the election of new directors, given the presence of a controlling shareholder and the absence of any proposed alternative slate of directors. (D.I. 13 Ex. 1 at 19) While that may be true, the overall balance of equities still disfavors the relief sought by Fuqi.

Finally, the Court finds that Fuqi has failed to show that the public interest favors granting Fuqi's motion. In addition to the importance of annual meetings under Delaware corporate law, there is an important public interest in preserving comity between state and federal courts. (*See* Tr. at 35) Here, the state court – after patiently and repeatedly extending the date for Fuqi to comply with state law and hold an annual meeting – provided Fuqi with explicit guidance for avoiding the so-called "Hobson's choice," i.e., by seeking an SEC exemption. Rather than heed that advice, Fuqi asks this Court to provide preferred relief. Such an exercise of this Court's authority is not, under the circumstances presented here, in the public interest.

## IV. CONCLUSION

For the foregoing reasons, the Court will deny Fuqi's preliminary injunction motion. An appropriate Order follows.